**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2004 JUN 24  P 3: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| MERYL R. COHN, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | # 04 - 1 1 4 5 2 RGS |
| v. ) | |
| ) | MAGISTRATE JUDGE Alexander |
| GLOBE NEWSPAPER COMPANY, INC. ) | |
| D/B/A THE BOSTON GLOBE ) | |
| THE NEW YORK TIMES COMPANY, and ) | |
| MILLIE DOWNING, ) | |
| ) | JURY TRIAL REQUESTED |
| Defendants. ) | |

## VERIFIED COMPLAINT

Plaintiff Meryl R. Cohn ("Plaintiff"), through her attorneys, Testa, Hurwitz & Thibeault, LLP, for her Complaint against Globe Newspaper Company, Inc. d/b/a The Boston Globe, The New York Times Company (collectively "The Boston Globe"), and Millie Downing (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff seeks injunctive relief and damages for acts of trademark infringement, dilution and unfair competition committed by Defendants in promoting and selling goods under the trademark MISS BEHAVE, which is confusingly similar to Plaintiff's MS. BEHAVIOR trademark and service mark.  Defendants' acts violate the laws of the United States and various states, including Massachusetts.  In particular, this action arises under the Lanham Act (United States Code, Title 15), and the laws of the Commonwealth of Massachusetts and other states.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1121(a), 1331, 1338(a), 1338(b), and 1367(a).

3.      This Court has personal jurisdiction over the Defendants because, among other

things, Defendants are citizens and/or present in the Commonwealth of Massachusetts, and/or the

wrongful acts committed by Defendants occurred in and are causing injury in the

Commonwealth of Massachusetts.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).


**THE PARTIES**

5.      Plaintiff is a Massachusetts citizen, residing at 148 Commercial Street #3,

Provincetown, Massachusetts 02657.

6.      Upon information and belief, The New York Times Company is a New York

corporation with a principal place of business at 229 W. 43rd St., New York, New York  10036.

7.      Upon information and belief, Defendant Globe Newspaper Company, Inc. is a

Massachusetts corporation doing business as The Boston Globe, and has a principal place of

business at 135 William T. Morrissey Boulevard, Boston, Massachusetts  02125.  Upon

information and belief, Globe Newspaper Company, Inc. is a subsidiary of The New York Times

Company, and publishes The Boston Globe newspaper, The Boston Globe Magazine, and

maintains the Boston.com web site.

8.      Upon information and belief, Defendant Millie Downing is a Massachusetts

citizen, residing at 210 Pine St., Medfield, Massachusetts  02122.

## BACKGROUND FACTS

### Plaintiff And Plaintiff's Trademark

9.    Plaintiff is a well-known expert on etiquette, writer, columnist, essayist and entertainer. Specifically, Plaintiff is the celebrity author of the nationally syndicated advice and etiquette column entitled MS. BEHAVIOR®, which she has been writing for approximately twelve years. The topics of her columns, advice and entertainment vary widely, but generally cover manners, family issues, love, sex, relationships, weddings, and gift giving. Copies of several columns are attached as composite Exhibit A.

10.    Plaintiff's MS. BEHAVIOR® column has appeared in various newspapers throughout the country, including in Massachusetts. For example, her column appeared in Bay Windows, a Boston-based paper, for approximately twelve years. Many of these newspapers also are published on the Internet.

11.    Plaintiff's column also is published on her Internet web site, at www.msbehavior.com. Plaintiff has owned and operated this web site since at least as early as 1997. In addition to her columns, Plaintiff's web site has reviews of and excerpts from her book, as well as information about Plaintiff. Readers and fans seeking information or advice may also use the web site to contact Plaintiff. The MS. BEHAVIOR trademark appears prominently on the web site.

12.    Plaintiff also is the author of the book, Do What I Say:  Ms. Behavior's Guide to Gay and Lesbian Etiquette, which contains a series of advice and etiquette essays. This book was published in 1995, and is still available for purchase from various sellers, including through Amazon.com.

3

13.   Plaintiff's essays and articles have also appeared in <u>The Washington Post</u>, <u>The Village Voice</u>, and <u>The Boston Phoenix</u>, among others.

14.   Plaintiff's advice, etiquette columns and writings are of interest to a broad reader base. Although she is best known for her advice on gay and lesbian etiquette, her advice often applies to everyone, irrespective of sexual identity. Moreover, even those topics that could be considered specific to the gay and lesbian community are of significant interest to others, as evidenced by the third-party news coverage she has received. For example, newspaper articles about Plaintiff and MS. BEHAVIOR® have appeared in <u>The New York Times</u>, <u>The Philadelphia Enquirer</u>, <u>The Orange County Register</u>, and <u>The Boston Globe</u>. In addition, Plaintiff has given readings and talks at numerous bookstores and libraries (including the New York Public Library), and has appeared as "Ms. Behavior" on various nationally syndicated television programs, including <u>Oprah</u>, and <u>The Ricki Lake Show</u>.

15.   The broad appeal of Plaintiff's MS. BEHAVIOR® advice and columns is highlighted by the fact that on June 14, 2004 Plaintiff's MS. BEHAVIOR® brand of advice was featured prominently in an article about gay marriage etiquette published in <u>The Boston Globe</u> (attached hereto as Exhibit B). There was a reference to Ms. Behavior on the front page of the newspaper, and the article, accompanied by a picture of Plaintiff, appeared on the front of the Living/Arts section of the paper. Throughout the article, the author refers to Plaintiff as Ms. Behavior, the "doyenne of gay and lesbian etiquette."

16.   As further evidence of the broad appeal of Plaintiff's columns and advice, the MS. BEHAVIOR column and expertise elicits questions and inquiries from both gay and straight readers.

4

17.     Plaintiff has registered the MS. BEHAVIOR® trademark in the United States
Patent and Trademark Office, in connection with "columns appearing in third party newspapers,
magazines, newsletters and books about personal advise [sic] and etiquette." This registration
has been assigned Reg. No. 2,083,127 (the "Registration"). Plaintiff's Registration has become
incontestable, pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and, accordingly,
constitutes conclusive evidence of the validity of the registered trademark, Plaintiff's ownership
of the trademark, and Plaintiff's exclusive right to use the MS. BEHAVIOR® trademark in
commerce in connection with the goods specified in the Certificate of Registration. A true and
correct copy of the Certificate of Registration is attached hereto as Exhibit C.

18.     In addition to the rights conferred on Plaintiff by her Registration, Plaintiff has
unregistered, common law rights in the service mark MS. BEHAVIOR used in connection with
her writing and advisory services, as well as the entertainment services she provides when she
appears as "Ms. Behavior."

19.     Since prior to the acts of Defendants complained of herein, Plaintiff has achieved
wide-spread and substantial recognition of her name, trademark and service mark used in
connection with her advice, writing, etiquette columns and entertainment services throughout the
United States, including the Commonwealth of Massachusetts.

20.     By virtue of Plaintiff's long use of the MS. BEHAVIOR trademark and service
mark, and her investment in the goodwill associated with the trademark and service mark, the
mark has gathered a substantial amount of goodwill among the consuming public.

21.     By virtue of Plaintiff's long use of the MS. BEHAVIOR trademark and service
mark, and her investment in the goodwill associated with the trademark and service mark, as

well as the unique and distinctive character of the mark, the MS. BEHAVIOR trademark and service mark have become famous.

22.    Plaintiff's readers recognize the MS. BEHAVIOR trademark and service mark as indicating a unique source of high quality, witty and sage advice, guidance on etiquette and entertainment services.

### Defendants' Activities

23.    Defendant The Boston Globe publishes a daily newspaper, which also is posted on the Internet at http://www.boston.com. It also publishes The Boston Globe Magazine, distributed weekly with the Sunday paper, and also posted on the Defendant's Internet web site.

24.    On information and belief, Defendant Downing operates The Etiquette School of New England. According to Defendant's web site, at http://www.neprotocol.com, Defendant Downing is "Miss Behave," and can be contacted at missbehave@globe.com. A page from http://www.neprotocol.com is attached hereto as Exhibit D.

25.    Subsequent to Plaintiff's adoption and use of the MS. BEHAVIOR trademark and service mark, Defendant Downing began writing a newspaper column under the name MISS BEHAVE. Upon information and belief, this column began appearing on or about March 7, 2004 in the weekly publication of The Boston Globe Magazine, and also on the Boston.com Internet web site. The topics of the MISS BEHAVE columns include manners, gift-giving, family issues, and relationships. Copies of recent columns from http://www.boston.com are attached hereto as composite Exhibit E.

26.    Subsequent to Plaintiff's adoption and use of the MS. BEHAVIOR trademark and service mark, Defendant Downing also began hosting "Live Web Chats" on the Boston.com web site under the name MISS BEHAVE. These "chats" take place the first and third Wednesday of

6

each month, from 12:00 noon to 1:00 p.m., and apparently cover the same wide-range of topics as the MISS BEHAVE advice column. For example, recent discussions have included advice on wedding invitations, gift-giving, relating to co-workers, thank-you cards, family issues, and relationships. Copies of transcripts from recent "chats" are attached as composite Exhibit F.

27.    Defendants have adopted, used and continue to use the MISS BEHAVE trademark, which is confusingly similar to the trademark and service mark adopted and used by Plaintiff.

28.    Upon information and belief, Defendants are well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of the goodwill represented and symbolized by Plaintiff's MS. BEHAVIOR trademark and service mark. Upon information and belief, Defendants have been well aware that the MS. BEHAVIOR trademark and service mark are recognized widely and relied upon by the public and the trade as identifying Plaintiff and her goods and services, and as distinguishing said goods and services from those of others.

29.    Acting with that knowledge, Defendants apparently engaged in a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the MS. BEHAVIOR trademark, by adopting, or using in commerce the confusingly similar MISS BEHAVE trademark.

30.    Defendants' use in commerce of the MISS BEHAVE trademark and service mark is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the source, origin, or sponsorship of Defendants' goods and services, and to cause consumers mistakenly to believe that Defendants' goods and services are the goods and services of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff and the public.

31.    Defendants' use of the MISS BEHAVE trademark and service mark is without license, authorization or consent of Plaintiff.

32.    Plaintiff objected to Defendants' adoption and use of the MISS BEHAVE trademark in a letter from Plaintiff's former counsel dated April 1, 2004. In its response letter of April 16, 2004, Defendant The Boston Globe, through counsel, stated that it would not comply with Plaintiff's demands. Both letters are attached hereto as composite Exhibit G. Defendant Downing failed to reply to Plaintiff's demands to cease and desist use of the MISS BEHAVE trademark.

33.    Not only did Defendant The Boston Globe refuse to comply with Plaintiff's demands, the reply from Defendant's counsel was offensive. In his letter dated April 16, 2004, counsel stated that Plaintiff's columns were "directed to a gay and lesbian audience and generally concern somewhat risqué topics," whereas the MISS BEHAVE columns consist of advice "concerning much more commonplace etiquette-related issues." Counsel apparently concluded that there was no reasonable likelihood of confusion because of these alleged differences in content or readership between the columns. The implication of these statements can only be that gay and lesbian readers would not read The Boston Globe, and/or that gay and lesbian readers, or topics directed to such readership are somehow distinguishable from, or more "risqué" as compared with topics of concern to the general public.

34.    Notably, Plaintiff's success and goodwill associated with her MS. BEHAVIOR trademark and service mark is derived from appearing before and entertaining audiences of nationally known television programs such as Oprah, and in being featured in mainstream publications such as Defendant's own The Boston Globe, neither of which are specifically directed to a gay and lesbian audience. Hence, Defendants' readers and Plaintiff's audiences

8

overlap or are identical. Moreover, Plaintiff's columns and entertaining commentary deal with the same issues as Defendants explore under the MISS BEHAVE mark -- namely advice about such topics as etiquette, relationships, manners, weddings, gift giving and family issues.

35.    The readership of mainstream and gay focused publications will always overlap and/or be identical. That is, issues of concern to the gay community are also of concern or of interest to the non-gay community. For example, on May 9, 2004, The Boston Globe Magazine featured an article about parents of gay couples, and a column by the editor entitled "An Overlooked Side of the Gay Marriage Issue." Notably, in the Internet version of this publication (on the front page), the captions and links to the article and column appeared adjacent to the title and link to the MISS BEHAVE column. See Exhibit E.

36.    Compounding the potential for immediate harm to Plaintiff is the fact that Plaintiff is widely known in Massachusetts because of her association with the Bay Windows publication, and her appearances in other Massachusetts' publications including The Boston Globe, In Newsweekly, and The Boston Phoenix. Defendants' use of a trademark virtually identical to that of Plaintiff in Massachusetts leads to an even greater likelihood of confusion as to the source or origin of the material published. Because both Plaintiff's MS. BEHAVIOR trademark and Defendants' MISS BEHAVE mark are meant to dispense advice against those whose "misbehavior" is in question, consumers have been and will continue to be confused absent an injunction.

37.    Even the staff of Defendant The Boston Globe is confused by the existence of both MISS BEHAVE and MS. BEHAVIOR. Prior to being interviewed for the June 14, 2004 article in The Boston Globe, Plaintiff spoke with The Boston Globe photographer, Julia Cumes, to schedule a photo shoot for the article. The photographer asked Plaintiff if she was teaching

any of her etiquette classes in the next couple of days. This question indicates that the photographer mistakenly believed Plaintiff was the author of the MISS BEHAVE columns, and affiliated with The Etiquette School of New England. Plaintiff does not teach any etiquette classes, whereas Defendant Downing does.

38.     On information and belief, Defendants' activities have diluted, tarnished and/or reduced the distinctive quality of the MS. BEHAVIOR® trademark and service mark.

39.     Plaintiff has been harmed by the unfair and deceptive acts of the Defendants' inasmuch as they have adopted and used, without Plaintiff's consent, a mark that is confusingly similar to Plaintiff's trademark and service mark.

40.     Defendants' activities, in adopting and continuing to use the MISS BEHAVE mark even after being warned by Plaintiff of its infringement, represent a deliberate attempt to trade on the goodwill associated with the MS. BEHAVIOR® trademark and service mark.

41.     The mark MISS BEHAVE is confusingly similar to the mark MS. BEHAVIOR.

42.     Defendants' use of the MISS BEHAVE mark has caused actual confusion.

## CLAIM I – FEDERAL TRADEMARK INFRINGEMENT

43.     Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 42 as if fully set forth herein.

44.     With full knowledge and awareness of Plaintiffs' ownership and prior use of the MS. BEHAVIOR trademark and service mark, Defendants intentionally have used in commerce, and upon information and belief, will continue intentionally to use the MISS BEHAVE trademark, which use has caused and is likely continue to cause confusion, or to cause mistake, or to deceive.

45.    Defendants' aforesaid acts constitute infringement of Plaintiff's federally-registered trademark, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

46.    Defendants' aforesaid acts have caused and will continue to cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

47.    Plaintiff has no adequate remedy at law.

48.    Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

49.    Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

50.    The circumstances of the case amount to exceptional circumstances, and Plaintiff is entitled to recover from Defendants all of Defendants' profits obtained from their infringing conduct, all damages Plaintiff has and may later sustain due to Defendants' improper conduct, in an amount to be trebled pursuant to 15 U.S.C. § 1117, and Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.

## CLAIM II – FEDERAL TRADEMARK DILUTION

51.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.    By virtue of Plaintiff's use of her MS. BEHAVIOR trademark, and as evidenced by the significant distribution of goods and services under the trademark, Plaintiff's trademark has achieved fame with the relevant public as identifying goods and services originating solely from Plaintiff.

53.    Defendants' conduct has caused and is continuing to cause dilution of the distinctive quality of Plaintiff's MS. BEHAVIOR trademark, thereby diluting the distinctiveness and value of the trademark in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

54.    Defendants' actions have caused and unless permanently enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to her business for which there is no adequate remedy at law.

55.    Defendants' actions have been willful and deliberate and amount to exceptional circumstances, justifying Plaintiff to recover from Defendants all Defendants' profits obtained from their infringing conduct, all damages she has and may later sustain due to Defendants' improper conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117, and to an award of attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117.

## CLAIM III – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION UNDER THE LANHAM ACT

56.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 55 as if fully set forth herein.

57.    Defendants intentionally have used and, upon information and belief, will continue to use in commerce the MISS BEHAVE trademark, which use constitutes a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or approval of Defendants' goods and services by Plaintiff.

12

58.    Defendants' aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.    Defendants' aforesaid acts have caused and will cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer irreparable injury.

60.    Plaintiff has no adequate remedy at law.

61.    Defendants' aforesaid acts have harmed Plaintiff's reputation and have caused damage to Plaintiff in an amount to be determined.

62.    Defendants' aforesaid acts have unlawfully enriched and benefited Defendants in an amount to be determined.

63.    The circumstances of the case amount to exceptional circumstances, and Plaintiff is entitled to recover from Defendants all of Defendants' profits obtained from their infringing conduct, all damages Plaintiff has and may later sustain due to Defendants' improper conduct, in an amount to be trebled pursuant to 15 U.S.C. § 1117, and Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.

## CLAIM IV – VIOLATION OF MASS. GEN. LAWS CH. 93A

64.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 63 as if fully set forth herein.

65.    Defendants' acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or practices declared unlawful by Chapter 93A of the Massachusetts General Laws, and were committed by Defendants primarily and substantially in the Commonwealth of Massachusetts and in knowing and willful violation thereof.

66.    Defendants' aforesaid acts have harmed Plaintiff's business reputation, damaged Plaintiff's goodwill, and upon information and belief, have unjustly enriched Defendants.

67.    Defendants' aforesaid acts have injured and will continue to injure Plaintiff's business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiff's trademark.

68.    Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

69.    Plaintiff has no adequate remedy at law.

## CLAIM V – UNFAIR COMPETITION

70.    Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 69 as if fully set forth herein.

71.    Defendants' acts and practices described above constitute unfair competition.

72.    Defendants' aforesaid acts have harmed Plaintiff's business reputation, damaged Plaintiff's goodwill, and upon information and belief, have unjustly enriched Defendants.

73.    Defendants' aforesaid acts have injured and will continue to injure Plaintiff's business reputation and have diluted and will continue to dilute the distinctive quality of Plaintiff's trademark.

74.    Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

WHEREFORE, Plaintiff prays:

A.     That this Court adjudge that the MS. BEHAVIOR trademark has been infringed as a direct and proximate result of the acts of Defendants as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 et seq.

B.     That this Court adjudge that Defendants have competed unfairly with Plaintiff as set forth in this Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1125(a), Chapter 93A of the Massachusetts General Laws, and the law of the Commonwealth of Massachusetts and other states.

C.     That Defendants, and all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined and restrained:

      1)     From using the MISS BEHAVE trademark, service mark or any designation or trademark or service mark similar thereto, in any way, in connection with any goods or services related to advice and etiquette columns, publications of any kind, and counseling and entertainment services related to the foregoing;

      2)     From doing any other act or thing likely to cause the public or the trade mistakenly to believe that there is any connection between Defendants and Plaintiff, or their respective products and services; and

      3)     From otherwise infringing or diluting any trademark owned by Plaintiff or engaging in unfair competition against Plaintiff.

D.     That Plaintiff recovers Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement, trademark dilution, false designation of origin, false description or representation, and unfair competition.

E.     That this Court treble such amounts awarded as allowed by law.

F.     That Plaintiff recovers both pre-judgment and post-judgment interest on each and every award.

G.     That Plaintiff recovers her reasonable attorneys' fees incurred in this action, as provided for under federal and state law.

H.     That Plaintiff has and recovers her taxable costs and disbursements incurred in this action.

I.     That Plaintiff has other and such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

MERYL R. COHN
By her attorneys,

Dated: June 24, 2004

Thomas A. Turano (BBO #552168)
Deborah S. Birnbach (BBO #628243)
TESTA, HURWITZ & THIBEAULT, LLP
High Street Tower
125 High Street
Boston, MA  02110
Telephone:  (617) 248-7000
Facsimile:  (617) 248-7100

## VERIFICATION

I, Meryl R. Cohn, am the plaintiff herein. I certify that I have read this Verified Complaint, and that the statements contained herein are true to the best of my personal knowledge and belief, except as to allegations made on information and belief, which I believe to be true.

Signed under penalty of perjury this 23 day of June, 2004.

Meryl R. Cohn

17

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Meryl R. Cohn

2004 JUN 24 P 3:56

**(b)** County of Residence of First Listed Plaintiff Barnstable, MASS.
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See attachment

## DEFENDANTS

Globe Newspaper Company, Inc., d/b/a The Boston Globe, The New York Times Company, and Millie Downing

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

See attachment

# 04 - 11452 RGS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | XX 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Sections 1114, 1125(a), and 1125(c), M.G.L. Ch. 93A, and related common law claims, for acts of trademark infringement, dilution, and unfair competition.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ DAMAGES & INJUNCTIVE RELIEF

CHECK YES only if demanded in complaint:
JURY DEMAND:  XX Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  6/24/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Meryl R. Cohn v. Globe Newspaper Company, Inc.,
   d/b/a The Boston Globe

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121
                                                                               for patent, trademark or copyright cases

   [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.   150, 152, 153.

   04 - 11452 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   _____

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)     YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?     YES [ ]   NO [X]

                                                                                  YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?     YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   A.  If yes, in which division do all of the non-governmental parties reside?     YES [X]   NO [ ]

       Eastern Division [X]        Central Division [ ]        Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)     YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Thomas A. Turano

ADDRESS   Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110

TELEPHONE NO.   (617) 248-7000

(Coversheetlocal.wpd - 10/17/02)